**Robert Allen HOWELL, husband; Patti Howell, wife, Plaintiffs–Appellants,**

v.

**Sheila Sullivan POLK, Yavapai County Attorney; Robert Reed, City of Prescott Police Chief; David Benner, City of Prescott Assistant Police Chief; Pat Huntsman, Town of Chino Valley Police Chief; George "Buck" Buchanan, Yavapai County Sheriff; Dan Schatz, City of Prescott Valley Police Chief; Pat Spence, City of Cottonwood Police Chief; Lloyd Jones, City of Clarkdale Police Chief; Joe Vernier, City of Sedona Police Chief; John C. Wischmeyer; Allen Muma, Jerome Police Chief; John O'Hagan, Yavapai County Sheriff's Office; Dana Schmidt, Sedona Assistant Police Chief; Pete Hodap, City of Prescott police officer and former supervisor of the Prescott Area Narcotics Task Force ("Pant"); Kel Palguta, City of Prescott Valley police officer and officer of Pant; Randy Johnson, Yavapai County Sheriff officer and officer of Pant; Chris Wylie, City of Clarkdale police officer and officer of Pant; Lucas Wilcoxson, City of Sedona police officer and officer of Pant; Mat Gronek, Town of Chino Valley police officer and officer of Pant; Amy Bonney, City of Prescott police officer, Defendants–Appellees.**

No. 06–16418.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2008.

Filed July 16, 2008.

Krista M. Carman, Warnock Mackinlay & Associates, Prescott, AZ, Charles Shaw, for Plaintiffs–Appellants.

James M. Jellison, Jellison Law Offices, PLC, Larry Jay Crown, Elan Shai Mizrahi, Jennings Haug & Cunningham, LLP, James M. Jellison, Schleier, Jellison & Schleier, P.C., Phoenix, AZ, Thomas Aaron Lloyd, City of Prescott Legal Dept., Prescott, AZ, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, TASHIMA and N.R. SMITH, Circuit Judges.

**MEMORANDUM\***

1. The district court did not err in granting summary judgment on plaintiffs' excessive force claim. Given the undisputed evidence regarding Robert Howell's actions as the officers entered his residence, the conduct of the police during the arrest of both plaintiffs was "objectively reasonable." *Long v. City & County of Honolulu*, 511 F.3d 901, 905 (9th Cir.2007). No reasonable jury could find that the police intentionally or recklessly provoked a violent response. *Billington v. Smith*, 292 F.3d 1177, 1190–91 (9th Cir.2002).

2. Nor did the court err in granting summary judgment on plaintiffs' unlawful

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

arrest claim. Given the aforementioned evidence, there was ample probable cause to arrest Robert Howell. *See Allen v. City of Portland,* 73 F.3d 232, 237 (9th Cir. 1995). As we note in the accompanying opinion, the jury found the search reasonable, so Howell cannot argue that the arrest was proximately caused by an illegal search.

3. Without a constitutional violation, there can be no claim for failure to train or supervise. *Cf. City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

4. For the reasons set forth in the accompanying opinion, the district court did not abuse its discretion in denying plaintiffs' motion for a new trial. A rational trier of fact could have reached the jury's verdict. *See United States v. Chen,* 754 F.2d 817, 821 (9th Cir.1985).

**AFFIRMED.**